**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Kevin Pared, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with Homeland Security Investigations ("HSI"), a position I have held since 2023. I am currently assigned to the Homeland Security Task Force ("HSTF") and Border Enforcement Security Task Force ("BEST") in San Juan, Puerto Rico. Prior to my appointment as a Homeland Security Investigations Special Agent, I worked as a Border Patrol Agent with the United States Border Patrol from 2021 to 2023.

2. As a Homeland Security Investigations Special Agent, I have received formal and on-the-job training. I have attended the Criminal Investigator Training Program ("CITP") and the HSI Special Agent Training ("HSISAT") at the Federal Law Enforcement Training Centers in Glynco, Georgia. I was trained to conduct criminal investigations related to controlled substances, currency, firearms, contraband smuggling, interdiction and distribution activities, among others. In this position, I am authorized to investigate violations of laws of the United States and to execute and serve any order, subpoena, summons, warrant, or other process issued under the authority of the United States. I am familiar with the statutes of the United States Code, and I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. As a federal law enforcement officer, I have participated in investigations, surveillance, interviews, interrogations, arrests, searches, seizures, administration of oaths, and in the analysis of evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States. I am also a "customs officer" and am familiar with Title 19 of the United States Code.

3.      As a Special Agent, my duties and responsibilities include, but are not limited to, conducting investigations related to potential violations of 18 U.S.C. § 922(g)(5), and other offenses against the United States.

4.      This affidavit is intended to show merely that there is sufficient probable cause for the requested criminal complaint and does not set forth all of my knowledge about this matter. I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

5.      Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 922(g)(5) – *Illegal Alien in Possession of a Firearm* have been committed by **Raymundo MIGUEL ORTIZ** ("**MIGUEL ORTIZ**").

## PROBABLE CAUSE

6.      On October 15, 2025, HSI HSTF/BEST San Juan Special Agents and Task Force Officers, and U.S. Customs and Border Protection ("CBP") San Juan Officers, hereinafter "Agents", had information regarding two individuals possibly illegally present in the United States and had information about where the individuals were expected to be at a specific time.

7.      Agents approached **MIGUEL ORTIZ** and a second individual near the entrance of Pier 10 in Old San Juan, Puerto Rico in Calle San Andres, San Juan, PR 00901, and as the agents approached, both **MIGUEL ORTIZ** and the second individual started running away from the agents. While attempting to flee, **MIGUEL ORTIZ** threw a fanny pack over a fenced area which was later recovered. **MIGUEL ORTIZ** and the second individual were apprehended. Agents, which are immigration officers under the Title 8 of the United States Code and Title 8 of the Code

of Federal Regulations, performed an immigration examination on **MIGUEL ORTIZ** and determined that **MIGUEL ORTIZ** was an alien.

8. Subsequently, Agents conducted an immigration inspection on **MIGUEL ORTIZ** to determine his admissibility and it was determined that **MIGUEL ORTIZ** was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. Agents determined that **MIGUEL ORTIZ** is inadmissible to the United States, and Agents arrested and transported **MIGUEL ORTIZ** for further processing.

9. Before leaving the scene and transporting **MIGUEL ORTIZ**, agents retrieved the fanny pack thrown by **MIGUEL ORTIZ** and found to contain a loaded firearm (9mm Glock 19 Serial Number BYMS540) with a magazine containing 15 rounds of ammunition, approximately 3.5 grams of cocaine, approximately 3.1 grams of marijuana, cigar wraps, and U.S. currency.

10. Based on my training and experience, I know that firearms nor ammunitions are manufactured in Puerto Rico. Therefore, the firearm must have been transported through in interstate or foreign commerce.

11. As to **MIGUEL ORTIZ**' immigration and criminal history, record checks revealed the following, as of October 15, 2025:

   a. **MIGUEL ORTIZ** does not have a lawful permit to carry a firearm.
   b. **MIGUEL ORTIZ** had not submitted an application requesting permission to enter the United States (Form I-212) before the United States Citizenship and Immigration Services ("USCIS"). Thus, **MIGUEL ORTIZ** has not obtained consent from the Secretary of Homeland Security to enter the United States, nor

3

does he have any immigration documents allowing him to legally enter and/or remain in the United States.

c. **MIGUEL ORTIZ** was not admitted, inspected, or paroled into the United States by an immigration officer, nor did **MIGUEL ORTIZ** present himself at a designed port of entry for inspection.



[INTENTIONALLY LEFT BLANK]

**CONCLUSION**

12. Based on the forgoing, and based upon my training, experience, and participation in this and other investigations, I believe that sufficient probable cause exists to demonstrate that **MIGUEL ORTIZ** violated: (1) 18 U.S.C. § 922(g)(5) – *Illegal Alien in Possession of a Firearm*.

Respectfully submitted,

KEVIN A PARED CUEVAS
Digitally signed by KEVIN A PARED CUEVAS
Date: 2025.10.16 11:25:22 -04'00'

Kevin Pared
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 by telephone on this 16th day of October 2025, at 2:42 PM by telephone, in San Juan, PR.

_____
HON. MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

5